UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| RONALD ISMAEL MACAS GUTAMA, | ) | |
| Petitioner, | ) | |
| v. | ) | Civil No. 26-13016-LTS |
| ANTONE MONIZ et al., | ) | |
| Respondents. | ) | |

## MEMORANDUM AND ORDER TRANSFERRING HABEAS PETITION

July 14, 2026

SOROKIN, J.

Ronald Ismael Macas Gutama is a citizen of Ecuador who has lived in the United States since 2021, when he arrived via Mexico without being inspected or admitted by immigration officers.  See Doc. No. 1 ¶¶ 1, 6.  Because he did not then encounter border agents, removal proceedings were not then initiated, and no prior detention determination was made by ICE or any other agency within the Department of Homeland Security.  Until recently, he lived in Connecticut and worked in New England.  Id. ¶ 12; Doc. No. 18 ¶ 45.

On June 23, 2026, Macas Gutama was arrested by ICE near the Massachusetts–New Hampshire border while on his way to work.  Doc. No. 1 ¶ 3.  Following his arrest, he was detained at the Plymouth County Correctional Facility ("PCCF") in Massachusetts, where he remained for a week.  Id. ¶¶ 2, 4; Doc. No. 11-1 ¶ 6.

Through counsel, Macas Gutama filed the habeas petition now pending at 4:28 PM on June 30, 2026.  See Doc. No. 16 at 1; Doc. No. 18 ¶ 5.  The allegations and an exhibit to the petition suggest counsel knew at the time of filing that ICE had initiated a transfer of Macas

Gutama from PCCF to another facility.  See, e.g., Doc. No. 1 ¶ 4 (describing counsel's call to PCCF at 4:03 PM on day of filing "to inquire as to the status and the whereabouts of the Petitioner"); Doc. No. 1-3 (showing no results from search of ICE detainee locator at 3:58 PM on day of filing).  Nevertheless, the petition alleged "[u]pon information and belief" that Macas Gutama remained detained "in the District of Massachusetts" at the time of filing.  Doc. No. 1 ¶ 2; accord id. ¶¶ 11–12, 19, 21–22.  He named as respondents PCCF's Superintendent, ICE's New England Field Office Director, a Special Agent in Charge for ICE in New England, ICE's Acting Director, the Secretary of Homeland Security, the Attorney General, and the President.[1] Id. ¶¶ 13–19.

Pursuant to this Court's standard practice in matters such as this one, the Court promptly issued an order directing the Clerk to serve the petition and prohibiting the respondents from removing Macas Gutama from Massachusetts or the United States without advance written notice.  Doc. No. 4.  The same order required the respondents to "file a notice in writing on the docket in this action stating the name and location of the facility in which Petitioner is confined" if they disputed the allegation that he "is presently confined in the District of Massachusetts."  Id. at 4.  Per that requirement, the respondents filed a notice early the next morning (July 1, 2026, at 6:39 AM) informing the Court that Macas Gutama was detained at a facility in Natchez, Mississippi, having departed on a flight from Bedford, Massachusetts, at 2:11 PM on June 30— more than two hours before the petition was filed.  Doc. No. 6.  The Court directed the respondents to supplement their notice with a declaration from an ICE officer with firsthand

---

[1] Because the Court concludes it lacks jurisdiction over this petition and must transfer it, assessing which (if any) of these respondents are properly named, or whether other officials should be substituted as respondents, is a matter properly resolved by the District Judge assigned to preside over this matter following its transfer.

knowledge of the timing of Macas Gutama's transfer, Doc. No. 7, and they promptly supplied such a declaration, Doc. No. 11-1.

In their answer filed July 8, the respondents argued that this Court never acquired habeas jurisdiction over Macas Gutama's petition, as he had left Massachusetts hours before its filing. Doc. No. 16.  They supported their argument with citations to decisions of the Supreme Court, the First Circuit, and other sessions of this Court explaining that habeas jurisdiction generally lies in the district where the petitioner is physically confined, and where his immediate custodian is located, when the petition is filed.  Id. at 2–3.  The respondents agreed, however, that transfer to the United States District Court for the Southern District of Mississippi would be appropriate here.  Id. at 1.

Macas Gutama filed a reply on July 13, urging the Court to exercise jurisdiction and objecting to the petition's transfer—to Mississippi, or to either of two states in which the relevant ICE flight made short stops along the way.  Doc. No. 18.  He does not dispute the respondents' submissions documenting the timing of his transfer; he concedes he was physically (if only briefly) located at an airport in Tennessee at the time his petition was filed.  Id. ¶ 16.  As relevant here, Macas Gutama contends jurisdiction would not lie in Tennessee—or in Louisiana, where his flight also stopped—because he remained in transit and was not transferred into the custody of any immediate custodian located in either of those places.  See Doc. No. 18 ¶ 36.  Because the Court agrees, and because no party proposes transfer to Tennessee or Louisiana, the Court focuses its attention on whether jurisdiction lies in Massachusetts or Mississippi.

In support of his plea that this Court acquired and should exercise jurisdiction, Macas Gutama relies on an exception to the generally applicable district-of-confinement rule.  Id. ¶ 20 (citing Vasquez v. Reno, 233 F.3d 688 (1st Cir. 2000), and Suri v. Trump, 785 F. Supp. 3d 128

(E.D. Va. 2025)).  But the "narrow" exception he invokes applies only when a case presents "extraordinary circumstances," such as where ICE has "spirited" a detainee "from one site to another in an attempt to manipulate jurisdiction."  Vasquez, 233 F.3d at 696.  Here, as in Vasquez (and unlike in Suri), Macas Gutama "has neither marshaled facts suggesting furtiveness nor made a showing of . . . bad faith."  Id.

The record before the Court establishes that Macas Gutama was held in Massachusetts, at PCCF, for seven days before his transfer to Mississippi.  This fact alone substantially undermines his characterization of his transfer as so "hasty" and "fast" as to have been "arbitrary and capricious."  Doc. No. 18 ¶¶ 26, 27, 29.  Macas Gutama does not contend that his location was unknown—or that he could not have filed a habeas petition in this Court—at any point in time between June 23 and June 30.

Though Macas Gutama, in his reply brief, alleges the respondents "prevent[ed] counsel from knowing where Petitioner was located," tried "to prevent [his] filing of [this action] in the District of Massachusetts," and "engage[d] in forum shopping" by transferring him to a facility in a jurisdiction where "precedent is not favorable to" his claims, id. ¶ 29, the record contains no support for these accusations.  For one thing, the respondents have submitted a sworn declaration in which an ICE officer with firsthand knowledge about the transfer explained that it occurred "due to bed space constraints."  Doc. No. 11-1 ¶ 6.  Macas Gutama has not acknowledged, let alone advanced a basis for questioning, this under-oath statement.  Additionally, the respondents alerted the Court to Macas Gutama's location right away, in a filing made before business hours on the day after the petition was filed in the late afternoon.  That further undermines any claim of bad faith.

4

Moreover, Macas Gutama does not suggest, and the record contains no evidence showing:

- That any representative of ICE or any other respondent misled him (or his lawyer) about when or to what location he would be moved;

- That any representative of ICE or any other respondent was aware that he had retained counsel, or that he intended to file a habeas petition on June 30;[2]

- That the flight's itinerary, including the two stopovers along the way, was intended to prevent anyone from learning of Macas Gutama's location, or otherwise veered from the respondents' ordinary air-transfer operations; or

- That the Mississippi facility lacked bed space for Macas Gutama on his arrival.

These facts materially distinguish this case from Suri, upon which Macas Gutama primarily relies in his reply. See 785 F. Supp. 3d at 134–36 (describing multiple misleading statements and documents concerning petitioner's location, several days spent in transit from place to place, and ultimate arrival at facility where all beds were full). Finally, the First Circuit itself "categorically reject[ed] the . . . suggestion that the more favorable legal climate prevailing" within its jurisdiction alone "constitutes an extraordinary circumstance" warranting an exception to the district-of-confinement and immediate-custodian rules. Vasquez, 233 F.3d at 696.

---

[2] The record does not reveal when counsel was retained or whether a habeas petition was being prepared before Macas Gutama learned of his impending move. The Court's experience in cases such as this one over the past year suggests that the respondents likely anticipate such petitions from the moment a noncitizen is detained (as the undersigned has resolved many petitions filed by noncitizens on the day of, or the day after, their arrest). This diminishes the plausibility of a suggestion that, after housing Macas Gutama for nearly a week in a Massachusetts facility equipped for long-term detention, the respondents transferred him for the purpose of forum shopping or interfering with his ability to pursue habeas relief here.

In light of the foregoing, the Court finds Macas Gutama has not established that this is a case warranting an exception to the generally applicable rules concerning habeas jurisdiction. The Court concludes that it lacks jurisdiction in these circumstances.  Transfer of this action to the district in which Macas Gutama is presently confined—where he was headed by plane when the petition was filed, and where he arrived hours after its filing—is appropriate.

Accordingly, it is hereby ORDERED that this action shall be TRANSFERRED to the United States District Court for the Southern District of Mississippi.  To protect that court's jurisdiction and permit its review of the petition upon transfer, it is further ORDERED that the respondents shall not transfer Macas Gutama out of the Southern District of Mississippi, or remove him from the United States, absent forty-eight hours' written notice unless and until further order of that court after transfer.

SO ORDERED.

 /s/ Leo T. Sorokin
United States District Judge